# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

**SOUTHWIRE COMPANY, LLC,**
*Plaintiff,*

v.

**COPPERWELD BIMETALLICS, LLC,**
*Defendant.*

**Civil Action No.
3:22-CV-00146-TCB**

## DEFENDANT COPPERWELD BIMETALLICS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, STAY, OR TRANSFER PLAINTIFF SOUTHWIRE COMPANY, LLC'S COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................1

RELEVANT BACKGROUND ...........................................................................2

ARGUMENT ...................................................................................................5

I. THE COURT SHOULD NOT ENTERTAIN PLAINTIFF'S
ANTICIPATORY SECOND-FILED COMPLAINT ...................................5

    A. The First-Filed Rule Applies Here and the Northern District of
Alabama Should Resolve This Dispute................................................5

    B. If This Action Is the First-Filed Action, Compelling
Circumstances Warrant Dismissal, Stay, or Transfer of This
Action to the Northern District of Alabama.......................................9

II. THE COURT CAN, AND SHOULD, DECLINE TO HEAR THIS
DECLARATORY JUDGMENT ACTION................................................13

III. TRANSFER TO THE NORTHERN DISTRICT OF ALABAMA IS
WARRANTED UNDER 28 U.S.C. § 1404(A) AND IN LIGHT OF
JUDICIAL EFFICIENCIES. ......................................................................15

CONCLUSION .............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1818 Farms, LLC v. Plum Isl. Soap Co.*,
No. 5:18-cv-00135, 2018 WL 3708558 (N.D. Ala. Aug. 3, 2018) ........11, 12, 16

*Advanta Corp. v. Visa U.S.A., Inc.*,
No. 96-7940, 1997 WL 88906 (E.D. Pa. Feb. 19, 1997)..................................7, 8

*Aetna Cas. & Sur. Co. v. Sunshine Corp.*,
74 F.3d 685 (6th Cir. 1996) ............................................................................14

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) .............................................................................5

*Clowers Commc'ns, LLC v. SkyCom USA, LLC*,
No. 1:14-CV-0291-ODE, 2014 WL 12629947 (N.D. Ga. Oct. 7,
2014) ............................................................................................................2 n.1

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*,
713 F.3d 71 (11th Cir. 2013) ........................................................................5, 12

*Digital Basement, LLC v. Gordon*,
No. 1-14-CV-4069-SCJ, 2015 WL 12030510 (N.D. Ga. June 17,
2015) .................................................................................................................11

*IX, LLC v. T.N.T. Equip. Co.*,
No. 1:09-CV-152-TCB, 2009 WL 10669601 (N.D. Ga. July 22,
2009) ...................................................................................................................9

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005) ....................................................................5, 13

*Marshall v. Ballard Med. Prods.*,
No. CIVA 1:06-CV-10963 RLV, 2007 WL 647290 (N.D. Ga. Feb.
26, 2007) ...........................................................................................................13

*Martin v. South Carolina Bank*,
811 F. Supp. 679 (M.D. Ga. 1992) ...................................................................16

ii

*McGarry v. Delta Air Lines, Inc.*,
No. 1:18-CV-2794-TWT, 2018 WL 6928799 (N.D. Ga. Nov. 20, 2018) ....................................................................................................7

*Moore v. McKibbon Bros., Inc.*,
41 F. Supp. 2d 1350 (N.D. Ga. 1998)...............................................15

*Paradies Shops, LLC v. S.A.S. Jean Cassegrain &*
*Longchamp USA, Inc.*,
No. 1:12-CV-03137-AT, 2013 WL 12098826 (N.D. Ga. Feb. 25, 2013) ....................................................................................11, 13, 16

*Raimbeault v. Accurate Machine & Tool, LLC*,
No. 14-CIV-20136, 2014 WL 5795187 (S.D. Fla. Oct. 2, 2014)........................8

*Soroka v. Lee Techs. Servs., Inc.*,
No. CIV.A.1:06CV0710-TWT, 2006 WL 1734277 (N.D. Ga. June 19, 2006) ....................................................................10, 14, 15, 16

*Ven-Fuel, Inc. v. Dep't of the Treasury*,
673 F.2d 1194 (11th Cir. 1982) ...............................................12, 13

*Woo v. Nike, Inc.*,
No. 1:10-CV-1018-RWS, 2010 WL 1565526 (N.D. Ga. Apr. 19, 2010) ....................................................................................................5

## Statutes

28 U.S.C. § 1404(a) ...........................................................2, 15, 16, 17

Declaratory Judgment Act, 28 U.S.C. § 2201(a) ....................................13

Defendant Copperweld Bimetallics, LLC ("Copperweld," or "Defendant"), by and through its undersigned counsel, hereby respectfully submits this Motion to Dismiss, Stay, or Transfer Plaintiff Southwire Company, LLC's ("Southwire" or "Plaintiff") Complaint, and in support thereof, states as follows:

## PRELIMINARY STATEMENT

Southwire brought this action in an attempt to race to the courthouse, despite Copperweld already being there. The Complaint makes this clear: upon receiving a courtesy copy of Copperweld's proposed amended complaint adding antitrust claims against Southwire and its co-conspirators in an action pending in the Northern District of Alabama, Southwire filed the instant suit anticipating that Copperweld's proposed complaint would become the operative pleading. Tellingly, the only relief Southwire seeks from this Court is a declaration that it *did not* violate any antitrust laws—in other words, a preemptive defense to the very claims Copperweld told Southwire it was going to assert in the Alabama action.

Southwire's conduct in bringing this anticipatory suit should not be rewarded. The Northern District of Alabama is the proper venue to address this controversy. Not only would the action in the Northern District of Alabama fully resolve the parties' dispute, but having one court address the antitrust claims at issue will maximize judicial economy, avoid inconsistent rulings, and undermine Southwire's efforts to engage in improper forum-shopping. The Court should dismiss, stay, or

1

transfer this matter to the Northern District of Alabama under the first-filed rule or otherwise decline to entertain this anticipatory declaratory judgment action. Alternatively, the Court should transfer this action to the Northern District of Alabama pursuant to 28 U.S.C. § 1404, primarily in the interest of judicial efficiency.[1]

## RELEVANT BACKGROUND

Copperweld is the only seller of copper-clad aluminum (CCA) wire for residential buildings in the United States. (Declaration of David J. Fioccola, Sept. 30, 2022 ("Fioccola Decl."), Ex. D (*SAC*) ¶ 6.) CCA is an innovation in the residential wiring industry, offering the integrity and safety of traditional copper wiring at a significantly lower price. (Fioccola Decl., Ex. D (*SAC*) ¶ 3.) Southwire, Encore Wire Corporation ("Encore"), and Cerro Wire, LLC ("Cerro") are the manufacturers of that traditional copper wire and, as such, are competitors of Copperweld's in the residential electrical wire market throughout the United States. (Compl. ¶¶ 8, 10-11.)

---

[1] In light of this motion, which addresses whether this action should proceed before this Court given the first-filed pending action in the Northern District of Alabama, Copperweld reserves its right to respond to the substance of the Complaint at issue should this action proceed or be transferred to the Northern District of Alabama. *See e.g.*, *Clowers Commc'ns, LLC v. SkyCom USA, LLC,* No. 1:14-CV-0291-ODE, 2014 WL 1629947, at *3 (N.D. Ga. Oct. 7, 2014) (finding a pre-answer motion to stay is "the quintessential candidate for pre-answer consideration due to the issues of judicial efficiency and resources it raises" and "Defendants' motion tolled the period in which to file an answer").

On September 30, 2021, Copperweld filed an action against Cerro before the Honorable Judge Madeline H. Haikala in the District Court for the Northern District of Alabama, captioned *Copperweld Bimetallics, LLC, v. Cerro Wire, LLC,* No. 5:21-cv-01310-MHH (N.D. Ala.) (the "Alabama Action"). (Fioccola Decl., Ex. A.) In that action, Copperweld initially asserted claims for false advertising and tortious interference with business relations given statements Cerro made regarding Copperweld's CCA. (Fioccola Decl., Ex. A at ECF No. 1.) Following the discovery of additional information, on July 15, 2022, Copperweld and Cerro—in advance of the July 20, 2022 deadline to add causes of action, defenses, or parties—jointly sought leave to file amended or supplemental pleadings in the Alabama Action and for entry of an amended scheduling order, requesting until August 10, 2022 to prepare the amended pleadings. (Fioccola Decl., Ex. A at ECF No. 48.) On August 10, 2022, as indicated in the joint motion and in connection with a request for a status conference, Copperweld submitted its proposed Second Amended Complaint to Judge Haikala, adding antitrust claims against Cerro, Southwire, and Encore for conspiracy to restrain trade under Section 1 of the Sherman Act, 15 U.S.C. § 1. (Fioccola Decl., Ex. A at ECF No. 50.) That same day, Copperweld sent Southwire a courtesy copy of the proposed Second Amended Complaint. (Fioccola Decl., Ex. B.)

Southwire, fully aware of the procedural status of the Alabama Action and that leave to amend is freely granted, filed the instant action eight days after receiving a copy of Copperweld's proposed amended pleading, on August 18, 2022, seeking only a declaration that its conduct "is lawful and not a violation of Section 1 of the Sherman Act" and no other relief. (Compl. at Prayer for Relief; *see also* ¶ 7 ("Through this action, Southwire seeks a declaratory judgment that there is nothing anticompetitive about Southwire's conduct").) On August 22, 2022, Judge Haikala granted Copperweld's request for leave to file the Second Amended Complaint in the Alabama Action and instructed Copperweld to file its amended pleading by August 23, 2022. (Fioccola Decl., Ex. C; *see also* Ex. A at ECF No. 55.) In reaching her decision, Judge Haikala had full knowledge that Southwire filed this declaratory judgment action directed at Copperweld's antitrust claims. (Fioccola Decl., Ex. C at 5:7-14.) Consistent with the Northern District of Alabama Court's instruction, Copperweld filed the Second Amended Complaint on August 23, 2022, and the antitrust claim is currently proceeding against Southwire, Cerro, and Encore in that court. (Fioccola Decl., Ex. D.)

# ARGUMENT

## I. The Court Should Not Entertain Plaintiff's Anticipatory Second-Filed Complaint

### A. The First-Filed Rule Applies Here and the Northern District of Alabama Should Resolve This Dispute

The Eleventh Circuit has made clear that when there are substantially similar cases pending in different federal courts, there is a "strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case."). This rule "rests on principles of comity and sound judicial administration" and serves "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Woo v. Nike, Inc.*, No. 1:10-CV-1018-RWS, 2010 WL 1565526, at *2 (N.D. Ga. Apr. 19, 2010) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603–04 (5th Cir. 1999)). In the Eleventh Circuit, the first-filed rule "not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Licensing Co.*, 713

F.3d at 78.  Here, there can be no dispute that the first-filed action is the Alabama Action, that the suits at issue are substantially similar, and that the principles underlying the first-filed rule favor the Northern District of Alabama as the court to hear this controversy.

As detailed above, Copperweld initially filed the Alabama Action on September 30, 2021, asserting false advertising and tortious interference claims against Cerro for false and misleading statements Cerro made regarding Copperweld's CCA.  (Fioccola Decl., Ex. A at ECF No. 1.)  On July 15, 2022, Copperweld sought leave jointly with Cerro to amend their respective pleadings in the Alabama Action and requested until August 10, 2022, to prepare those amendments.  (Fioccola Decl., Ex. A at ECF No. 48.)  Consistent with that request for leave to amend and in connection with a motion for a status conference to address the case schedule given the new claims, on August 10, 2022, Copperweld submitted its proposed Second Amended Complaint—which asserted that Cerro, Encore, and Southwire "entered into and engaged in a conspiracy to block 14-gauge CCA from the 2023 edition of the [National Electrical Code]" in violation of antitrust laws. (Fioccola Decl., Ex. A at ECF No. 50-1.)  That same day, Copperweld provided Southwire with a courtesy copy of the Second Amended Complaint.  (Fioccola Decl., Ex. B.)

Despite knowing that this pleading was before Judge Haikala pending approval to be filed—in fact, *because* this pleading was before Judge Haikala—Southwire filed this declaratory judgment action in its home forum on August 18, 2022, seeking a declaration on the very antitrust issues presented in the Alabama Action. (*See* Compl. ¶ 7 ("Through this action, Southwire seeks a declaratory judgment that there is nothing anticompetitive about Southwire's conduct. . .").) On August 22, 2022, Judge Haikala granted Copperweld's request for leave to file the Second Amended Complaint, which Copperweld filed on August 23, 2022. (Fioccola Decl., Ex. A at ECF No. 55, Ex. C, Ex. D.)

This timeline leaves no question that Copperweld's Alabama Action was the first-filed matter. And the fact that Copperweld was required to seek leave under Federal Rule of Civil Procedure Rule 15(a)(2) to file its Second Amended Complaint, adding antitrust claims and Southwire and Encore as defendants, does not change this. Courts have found in such circumstances that the first-filed rule still applies because it "turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *McGarry v. Delta Air Lines, Inc.*, No. 1:18-CV-2794-TWT, 2018 WL 6928799, at *3 (N.D. Ga. Nov. 20, 2018); *see also Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997) ("Advanta cannot avoid application of the first-filed rule simply by asserting that it was not initially a party to the earlier filed action. The first-filed rule

turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."). Here, the Northern District of Alabama first obtained possession of the subject of this suit: Copperweld's CCA and Cerro, Southwire, and Encore's efforts to hamper CCA's performance in the residential electrical wire market.

In *Raimbeault v. Accurate Machine & Tool, LLC*, which presented a similar fact pattern, the court declined to misapply the first-filed rule where a defendant initiated suit in South Carolina only after receiving notice that the plaintiff intended to file an amended complaint to add defendant in a pending Florida action. No. 14-CIV-20136, 2014 WL 5795187, at *6 (S.D. Fla. Oct. 2, 2014). There, the court highlighted the defendant's gamesmanship and explained that "[c]ourts are loathe to reward such self-serving manipulation of the first-filed rule." *Id.* at *6. In other words, the fact that the plaintiff's proposed amended complaint was pending when the defendant filed a separate suit did not affect how the court applied the first-filed rule, but instead provided further support that the defendant was engaging in forum shopping. *Id.* at *6 ("Further, given the interrelationship between Accurate, Sunbelt and 1848 Capital, and the timing of 1848 Capital's complaint on the heels of Plaintiffs' notice of their Amended Complaint, the Court cannot escape the inference that 1848 Capital instituted the South Carolina action to somehow undermine the prosecution of this action."). The same is true here. The Court should not reward

Southwire's attempted manipulation of the first-filed rule and efforts to undermine Copperweld's choice of forum.

Given that Copperweld filed the Alabama Action first and that there is substantial overlap with this suit—indeed, Southwire merely attempts to assert a defense to Copperweld's antitrust claims in the Alabama Action—the first-filed rule applies and the Court should dismiss, stay, or transfer this action to the Northern District of Alabama. *See e.g., IX, LLC v. T.N.T. Equip. Co*., No. 1:09-CV-152-TCB, 2009 WL 10669601, at *4 (N.D. Ga. July 22, 2009) (Batten, J.) (finding the first-filed rule applied and "require[d] that this action be transferred to the Southern District of Ohio").

### B. If This Action Is the First-Filed Action, Compelling Circumstances Warrant Dismissal, Stay, or Transfer of This Action to the Northern District of Alabama

Even if the instant action were the first-filed—and it is not—compelling circumstances still would counsel in favor of the Northern District of Alabama resolving this dispute. As an anticipatory filing seeking declaratory relief, this suit is the result of improper forum shopping and should not be given any priority. Departure from the first-filed rule is warranted in such circumstances. As courts have explained:

> [T]he first filed rule is not applied mechanically and exceptions are made in compelling circumstances. Compelling circumstances may be found where a declaratory judgment action is filed in anticipation of another suit and is being used for forum shopping purposes. In some

instances, the mere fact that a plaintiff filed its declaratory judgment action first does not give it a "right" to choose a forum. This is particularly true when there is evidence that the underlying motivation for the first-filed action is forum shopping.

*Soroka v. Lee Techs. Servs., Inc.*, No. CIV.A.1:06CV0710-TWT, 2006 WL 1734277, at *4-5 (N.D. Ga. June 19, 2006) (internal citations and quotes omitted). That is the exact situation here.

Southwire concedes in the Complaint, consistent with the timeline, that Southwire was fully aware Copperweld sought leave to file its Second Amended Complaint in the Alabama Action as required under Federal Rule of Civil Procedure Rule 15(a)(2). (Compl. ¶ 96 ("on August 10, 2022, a Copperweld executive directly messaged Southwire's CEO and provided notice that Copperweld intends to file an antitrust lawsuit on Southwire imminently this month, even attaching the already-prepared antitrust complaint"); ¶ 97 (". . . Copperweld filed a proposed 58-page amended complaint alleging a Section 1 claim against Southwire, Cerro, and Encore. Copperweld's proposed amended complaint appears at Doc. 50-1 in *Copperweld Bimetallics v. Cerro Wire, LLC*, Case No. 5:21-cv-1310 in the Northern District of Alabama"); ¶ 107 (". . . Copperweld has notified Southwire that it intends to file an antitrust claim against Southwire. . ."). With this knowledge, Southwire raced to its preferred forum in Georgia to seek a declaratory judgment that it did not in fact violate any antitrust laws. This conduct is blatant forum shopping and the Complaint is unquestionably an anticipatory filing.

In other words, these facts present compelling circumstances that would favor departure from the first-filed rule (if this action were deemed the first-filed) and a finding that the Northern District of Alabama should address the parties' dispute. Courts in this circuit consistently reach this result on such facts. *See Paradies Shops, LLC v. S.A.S. Jean Cassegrain & Longchamp USA, Inc.*, No. 1:12-CV-03137-AT, 2013 WL 12098826, at *4 (N.D. Ga. Feb. 25, 2013) (finding in a declaratory action that "Plaintiff filed suit in an attempt to forum shop and in anticipation of Defendants' plans to file suit in the Southern District of New York. Accordingly, the Court finds sufficient compelling circumstances to transfer this case."); *1818 Farms, LLC v. Plum Isl. Soap Co.*, No. 5:18-cv-00135, 2018 WL 3708558, at *4 (N.D. Ala. Aug. 3, 2018) (departing from first-filed rule in declaratory action where "1818 Farms' conduct reveals a quintessential attempt to launch a preemptive strike by racing to the courthouse in [its] preferred forum before [the] adversary has a chance to file their action in the forum of their choice") (internal citation and quotes omitted); *Digital Basement, LLC v. Gordon*, No. 1-14-CV-4069-SCJ, 2015 WL 12030510, at *5 (N.D. Ga. June 17, 2015) (finding declaratory judgment action was "improperly anticipatory" where "Plaintiff filed suit five days after Defendant threatened to 'immediately commence litigation' if Plaintiff did not 'sign a standard tolling agreement'").

Because the Alabama Action is the first-filed action and substantially similar to the instant action or, alternatively, because there are compelling circumstances militating toward finding the Northern District of Alabama is the appropriate forum for this controversy, the Court should, at a minimum, transfer this case to the Northern District of Alabama for further adjudication. *Collegiate Licensing Co.*, 713 F.3d at 78 (providing the first-filed rule determines "which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated"). The Court may, however, dismiss this duplicative action outright or stay this action pending resolution of the Alabama Action. *Cf. 1818 Farms, LLC*, 2018 WL 3708558, at *7 ("While the court could simply dismiss this action, for the convenience of the parties, the court elects to TRANSFER the action to the District of Massachusetts") (internal citations omitted); *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (affirming dismissal of a first-filed declaratory judgment action in favor of a subsequent merits action because the district court found that that the declaratory action was an improper anticipatory filing). Regardless of the approach the Court takes, the result should be the same: Southwire's anticipatory filing should not be given priority over Copperweld's first-filed substantive action.

## II. <u>The Court Can, and Should, Decline to Hear This Declaratory Judgment Action</u>

The Court is in no way obligated to entertain Plaintiff's declaratory judgment action. The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Exercising such jurisdiction, however, is permissive and courts are afforded "substantial discretion to decline that jurisdiction." *Marshall v. Ballard Med. Prods.*, No. CIVA 1:06-CV-10963 RLV, 2007 WL 647290, at *3 (N.D. Ga. Feb. 26, 2007) (internal quotation marks omitted).

Indeed, the Eleventh Circuit has observed that "the range of considerations available to the district court in deciding whether to entertain the declaratory action is vast and the deference afforded to its decision is substantial." *Manuel*, 430 F.3d at 1137-38. One such consideration is whether "a pending proceeding in another court will fully resolve the controversy between the parties." *Paradies Shops, LLC*, 2013 WL 12098826, at *2 (quoting *Ven-Fuel, Inc.*, 673 F.2d at 1195) (internal quotation marks omitted). Relatedly, a court may consider whether the action before it was filed in anticipation of another pending suit. *Id.* Both considerations are applicable here.

There is no question that the Alabama Action will fully resolve the controversy regarding Southwire's alleged antitrust violations. Indeed, Copperweld seeks a finding that defendants, including Southwire, "have violated Section 1 of the Sherman Act, 15 U.S.C. § 1 and Code of Ala. § 6-5-60." (Fioccola Decl., Ex. D at Prayer for Relief para. (b).) There is also no question that Southwire filed this action in anticipation of the Second Amended Complaint becoming the operative pleading in the Alabama Action, as discussed above. (Compl. ¶¶ 96-97, 107.) Under such circumstances, courts do not hesitate to exercise their discretion and decline to entertain a declaratory judgment action. *Soroka*, 2006 WL 1734277, at *4-5 (transferring declaratory judgment action filed in anticipation of defendants' suit and discussing similar cases).

It is also worth noting that this suit is not aligned with the purpose of seeking declaratory relief. Such "relief is appropriate where the judgment will 'serve a useful purpose in clarifying and settling the legal relationships in issue [or] . . .will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Soroka*, 2006 WL 1734277, at *3 (quoting *Aetna Cas. & Sur. Co. v. Sunshine Corp.,* 74 F.3d 685, 687 (6th Cir. 1996)). But that is not why Southwire filed this suit. The Complaint does not present a pending uncertainty to be resolved or an ambiguous threatened suit. Instead, Southwire sought only to select its preferred forum after receiving notice from Copperweld of its claims and

before Copperweld's Second Amended Complaint officially hit the docket in the Alabama Action. "Given the speed with which [Southwire] reacted in the face of [Copperweld's] explicit statement of imminent legal proceedings, it is evident that [Southwire] was not acting to resolve uncertainty" regarding its antitrust liability. *Id.* at *5. This is a prime example of an anticipatory filing for the purposes of forum shopping and the Court should exercise its discretion in declining to hear it.

III. **Transfer to the Northern District of Alabama Is Warranted Under 28 U.S.C. § 1404(a) and in Light of Judicial Efficiencies.**

Alternatively, the Court may transfer this action to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). This section states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Moore v. McKibbon Bros., Inc*., 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998). The Eleventh Circuit has identified the following factors as relevant in determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a): "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Paradies Shops, LLC*, 2013 WL 12098826, at *4.

While the above factors are neutral in some instances here or weigh slightly in favor of transfer, there are two facts that tip the scale: (1) there is already a case pending in the Northern District of Alabama that involves two additional parties—Cerro and Encore—and that will proceed; and (2) Southwire attempted to forum shop by filing this anticipatory declaratory judgment action. These facts favor transfer of this action to the Northern District of Alabama, as courts routinely find. *Id*. at *4 ("the Court reiterates that Plaintiff's efforts to forum shop by filing an anticipatory declaratory judgment action militate in favor of transfer. In sum, the 28 U.S.C. § 1404(a) factors tilt in favor of transferring this case from the Northern District of Georgia to the Eastern District of New York"); *1818 Farms, LLC*, 2018 WL 3708558, at *7 ("regardless of the forum determination made by this court, an infringement action against McCrary will proceed in Massachusetts. This fact counsels in favor of transfer to avoid the specter of inconsistent adjudications and to preserve judicial resources") (internal citation omitted); *Soroka*, 2006 WL 1734277, at *4 ("the fact that a substantially similar action is pending currently in the transferee court counsels in favor of transfer because of the opportunity for consolidation and, thus, the conservation of judicial resources"); *Martin v. South Carolina Bank,* 811 F. Supp. 679, 685 (M.D. Ga. 1992) ("Undoubtedly, the most

compelling reason for transfer is that there are related proceedings pending in the [transferee district].").

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss, stay, or transfer this action to the Northern District of Alabama under the first-filed rule; that the Court exercise its discretion and decline to entertain this declaratory judgment action; or, alternatively, that the Court transfer this action to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

Dated: September 30, 2022

By: */s/ E. Righton J. Lewis*

**BUTLER SNOW LLP**
E. Righton J. Lewis
Georgia Bar No. 215211
1170 Peachtree St., NE, Suite 1900
Atlanta, Georgia 30309
T: (678) 515-5000
F: (678) 515-5001
righton.lewis@butlersnow.com

**MORRISON & FOERSTER** LLP
David J. Fioccola*
Michael B. Miller*
Tiffani B. Figueroa*
250 West 55th Street
New York, New York 10019
T: (212) 468-8000
F: (212) 468-7900
DFioccola@mofo.com
MBMiller@mofo.com
TFigueroa@mofo.com

* *pro hac vice* application forthcoming

*Attorneys for Defendant Copperweld*
*Bimetallics, LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that this memorandum has been prepared using Times New Roman 14-point font and otherwise complies with the typeface and formatting requirements of Local Rule 7.1.

*/s/ E. Righton J. Lewis*
E. Righton J. Lewis

## CERTIFICATE OF SERVICE

I, E. Righton J. Lewis, hereby certify that a copy of DEFENDANT COPPERWELD BIMETALLICS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, STAY, OR TRANSFER PLAINTIFF SOUTHWIRE COMPANY LLC'S COMPLAINT was served upon the following counsel of record via electronic filing:

Jonathan S. Klein
*jklein@mayerbrown.com*
Marcus A. Christian
*mchristian@mayerbrown.com*
William H. Stallings
*wstallings@mayerbrown.com*
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
T: (202) 263-3000
F: (202) 403-3232

Ann G. Fort
*annfort@eversheds-sutherland.com*
EVERSHEDS SUTHERLAND, LLP
999 Peachtree Street, NE Suite 2300
Atlanta, GA 30309-3996
T: (404) 853-8493
F: (404) 853-8806
*Counsel for Plaintiff*

/s/ E. Righton J. Lewis
E. Righton J. Lewis
*Attorneys for Defendant Copperweld Bimetallics, LLC*

Dated:  September 30, 2022